## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**UNITED STATES OF AMERICA**

**PLAINTIFF**

v.

**CASE ACTION NO:** 1:12-CV-152-M

*Electronically filed*

**CONTENTS OF ACCOUNT #XXX8437 ($12,895.74)
IN THE NAME OF COLE DISTRIBUTING, INC.,
HELD BY FARMERS NATIONAL BANK, 107
NORTH COURT STREET, SCOTTSVILLE, KENTUCKY 42164.**

**CONTENTS OF ACCOUNT #XXX7201 ($27,710.63)
IN THE NAME OF COLE DISTRIBUTING, INC.,
HELD BY SOUTH CENTRAL BANK OF
MONROE COUNTY, 320 NORTH MAIN
STREET, TOMPKINSVILLE, KENTUCKY 42167.**

**220.81 ACRES, MORE OR LESS, OF REAL
PROPERTY LOCATED ON OR ABOUT
MAP 45-1, ALLEN COUNTY PROPERTY
VALUATION ADMINISTRATOR.**

**REAL PROPERTY LOCATED ON OR ABOUT
1814 A.R. OLIVER ROAD, SCOTTSVILLE, KENTUCKY 42164.**          **DEFENDANTS**

### COMPLAINT FOR FORFEITURE IN REM

Comes the United States of America, by counsel, David J. Hale, United States Attorney

for the Western District of Kentucky, and Jason Snyder, Assistant United States Attorney, and

brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property:  Forty-thousand six hundred and six dollars and thirty-seven

cents in United States funds (total of funds seized from above referenced accounts); real property

located on or about Map 45-1, Allen County Property Valuation Administrator; and two tracts of real property located on or about 1814 A.R. Oliver Road, Scottsville, Kentucky.

## JURISDICTION AND VENUE

2.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 18 U.S.C. §§ 981, 984 and 985, and 31 U.S.C. § 5317.  This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).  Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was and is found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANTS IN REM

5.      The defendants are:

## FUNDS

a.      The Internal Revenue Service Criminal Investigation Section (IRS-CI) seized funds totaling $40,606.37 from accounts held in the name of Cole Distributing on or about June 14, 2010 (South Central Bank of Monroe County, $27,710.63, Account Number: XXX7201, and Farmers National Bank, $12,895.74, Account Number: XXX8437).  The defendant funds are currently in the custody of the United States Treasury Suspense Account.

2

The IRS began administrative forfeiture proceedings against the funds, during which Gary L.

Cole and Cole Distributing, Inc. filed the only claims (received by the IRS on or about September

15, 2010).   By agreement of the parties, the complaint deadline was extended to September 7,

2012.

### REAL PROPERTY

a.      220.81 Acres, more or less, of real property referenced and defined on Map 45-1,

Allen County Property Valuation Administrator (hereinafter "Map 45-1 Tract"), which has no

street address as there is not a habitable structure located on the property; it is more particularly

described:

> Beginning at a corner stone found common to Shockley (DB 130
> Pg 155) and Shockley (DB 110 Pg 176), said stone being located
> approximately 1270 feet southeast of the intersection of an
> unimproved access road (to the Tabor Farm) and Carl Hurt Road
> near Halifax in Allen County Kentucky; Thence with Shockley
> (DB 130 Pg 155) generally along a fenceline N 59° 06' 29" E
> 1721.84 feet, to a 24" Oak Found common to Tabor (DB99 Pg
> 674); Thence with Tabor N 66° 26' 53" E 266.33 feet, to a snag at a
> fence corner, N 88° 00' 00" E (N 88° 00' 00" E used to begin
> survey as per DB 23 Pg 412) 602.25 feet, to an iron pin set (all iron
> pins set are ½" rebar with yellow caps stamped "Anderson 1838"),
> S 40° 41' 09" E 123.72 feet to a steel post found, N 83° 18' 26" E
> 421.97 feet, to an iron pin set, and S 83° 10' 29" E 77.22 feet, to a
> 28" beech found at a fence corner common to Burton (DB 84 Pg
> 132); Thence with Burton generally along a fenceline S 26° 08' 17"
> W 394.13 feet, to a 10" hickory, S 55° 09' 43" E 920.06 feet, to a
> 28" beech, S 10° 38' 18" E 283.80 feet, to a 24" beech, S 52° 58'
> 47" E 619.43 feet, to a 24" beech, S 7° 11' 51" E 476.32 feet, to a
> fence post, and S 8° 27' 51" E 2180.61 feet, to a corner stone found
> common to said Burton and Hatler (no deed found); Thence with
> Hatler S 87° 57' 14" W 323.06 feet, to a 26" beech found common
> to Eubank (DB 189 Pg 629); Thence with Eubank generally along
> a fenceline N 21° 26' 42" W 461.62 feet, to a stone found, N 52°
> 12' 36" W 344.89 feet, to a 10" beech, N 69° 41' 27" W 670.88
> feet, to an iron pin found, N 61° 45' 23" W 402.15 feet, to a 16"

hickory, N 68° 16' 30" W 672.02 feet, to a stone, N 50° 08' 00" W
932.81 feet, to a stone, N 70° 38' 11" W 1270.50 feet, to an iron
pin set common to the aforesaid Shockley (DB 110 Pg 176);
Thence with Shockley N 7° 54' 42" W 891.00 feet, to the
beginning. Said tract contains 220.81 acres as surveyed by
Anderson Engineering, Ralph Anderson, Jr. L.S. 1838 on April 27,
1999.

Being the same property, with a new legal description, conveyed to
G.F. Tabor in Deed dated September 13, 1913, and of record in
Deed Book 23, Page 412, in the Allen County Court Clerk's
Office.  Also being the same property whereby William Ertell
Tabor, George Cardell Tabor, Ina Rea Tabor (being one and the
same as Ina Ree Tabor), Mary Eloise Tabor, Marjorie Eleise Tabor
and Clyde Evelyn Tabor each received a one-sixth (1/6) interest as
the heirs of G.F. Tabor as shown of record in that Affidavit of
Descent dated November 2, 1954, and of record in Deed Book 59,
Page 318, in the Allen County Court Clerk's Office, and as restated
in that Affidavit dated December 15, 1959, and of record in Deed
Book 65, Page 154, in the office aforesaid.  Ina Ree Tabor died
testate a resident of Warren County, Kentucky and her interest in
said property passed to Clyde Evelyn Tabor pursuant to the terms
of the Ina Ree Tabor Will of record in Will Book 15, page 649, in
the Warren County Court Clerk's Office, and of record in Will
Book 7, Page 385, in the Allen County Court Clerk's Office.
George Cardell Tabor died intestate on August 31, 1984, and his
interest in said property passed to Elsie J. Tabor, Wanda T.
Thomas, James E. Tabor, and George Tabor, as shown of record by
that Affidavit of Descent of record in Deed Book 264, Page 170, in
the Allen County Court Clerk's Office.  Elsie J. Tabor, widow
conveyed her interest in said property to Wanda T. Thomas, James
E. Tabor and George Tabor by that Deed dated January 24, 1985,
and of record in Deed Book 127, Page 316, in the Allen County
Court Clerk's Office.  William Ertell Tabor died testate a resident
of Warren County, Kentucky, and his interest in said property
passed to Eleise Tabor (being one and the same as Marjorie Eleise
Tabor), Eloise Tabor (being one and the same as Mary Eloise
Tabor) and Clyde Evelyn Tabor pursuant to the terms of the Last
Will and Testament of W.E. Tabor of record in Will Book 33, Page
779, in the Warren County Court Clerk's Office, and of record in
Will Book 24, Page 459, in the Allen County Court Clerk's Office.
Clyde Evelyn Tabor died testate a resident of Warren County,
Kentucky, and her interest in said property passed to Eloise Tabor

(being one and the same as Mary Eloise Tabor) and Eleise Tabor (Marjorie Eleise Tabor) pursuant to the terms of the Last Will and Testament of Clyde Evelyn Tabor of record in Will Book 48, Page 767, in the Warren County Court Clerk's Office, and of record in Will Book 24, Page 463, in the Allen County Court Clerk's Office.

b.    Two tracts of real property located on or about 1814 A.R. Oliver Road, Scottsville, Kentucky (hereinafter "A. R. Oliver Road Tract 1" and "A. R. Oliver Road Tract 5"), which are more particularly described:

BEING TRACT NO. 1 as shown on Plat recorded in Plat Book 5, Page 2, Allen County Clerk's Office, Scottsville, Kentucky, and described as follows, to-wit:

BEGINNING at a set 5/8" rebar with cap stamped Joe Houchens, PLS #2649, a corner to James Burton (Deed Book 84, page 132), and on the r/w of A.R. Oliver Road (assumed 40 ft. r/w); thence with the r/w of A.R. Oliver Road as it meanders: N 88° 58' 50" W 34.90 feet, N 86° 12' 28" W 44.05 feet, N 82° 48' 13" W 86.49 feet, N 74° 16' 30" W 83.65 feet, S 80° 38' 20" W 61.43 feet, S 82° 51' 48" W 58.15 feet, S 71° 06' 00" W 52.32 feet, S 60° 32' 13" W 55.76 feet, S 57° 48' 35" W 94..343 feet, S 54° 09' 35" W 80.70 feet, S 48° 39' 03" W 66.94 feet, S 43° 08' 52 " W 45.27 feet, S 39° 03' 35" W 74.10 feet, S 37° 16' 41" W 72.83 feet, S 41° 24' 20" W 51.75 feet, S 49° 41' 40" W 44.87 feet to a set 5/8" rebar with cap on the r/w of A.R. Oliver Road (assumed 40 ft. r/w); thence with the r/w of A.R. Oliver Road as it meanders: S 59° 18' 16" W 45.34 feet, S 66° 53' 31" W 30.52 feet, S 71° 31' 49" W 441.88 feet, S 70° 33' 41" W 121.27 feet, S 68° 45' 46" W 88.91 feet, S 66° 07' 29" W 146.45 feet, S 71° 29' 26" W 46.71 feet, S 76° 15' 44" W 47.67 feet, S 80° 42' 14" W 48.64 feet, S 86° 28' 16" W 21.39 feet to a set 5/8" rebar with cap, on the r/w of A.R. Oliver Road and a corner to W.R. Hatler, Jr. Estate (being a portion of Deed Book 207, Page 738, Will Book 22, Page 395); thence with the lines of Hatler Estate, N 22° 01' 30" W 286.88 feet to a set 5/8" rebar with cap; thence S 81° 25' 51" W 129.74 feet to a set 5/8" rebar with cap; thence S 08° 19' 41" E 223.56 feet to a set 5/8" rebar with cap, a corner to Hatler Estate and on the r/w of A.R. Oliver Road (assumed 40 ft. r/w); thence with the r/w of A.R. Oliver Road as it meanders: N 66° 47' 26" W 55.83 feet, N 64° 36' 19" W 93.70 feet, N 62° 16' 11" W 67.13 feet, N 56° 56' 54 " W 57.52 feet, N 51° 16' 39" W 94.35 feet, N 46° 28' 24" W 43.11 feet, N 42° 57' 04" W

52.46 feet, N 38° 17' 30" W 7.33 feet to a set 5/8" rebar with cap, on the r/w of A.R. Oliver Road (assumed 40 ft. r/w), and a corner to Gordon Williams (Deed Book 83, page 325); thence with the line of Williams, N 01° 35' 26" E 58.08 feet to a set 5/8" rebar with cap, a corner to Williams and a corner to W.R. Hatler, Jr., Estate (being a portion of Deed Book 207, Page 738, Will Book 22, Page 395); thence with the line of Hatler Estate, N 17° 46' 03" W 2,319.33 feet to a set 5/8" rebar with cap, a corner to Hatler and a corner to Jessie Eubank (Deed Book 189, page 629); thence with the lines of Eubank, N 83° 12' 10" E 2,436.02 feet to a set 5/8" rebar with cap, in a hickory stump; thence N 53° 37' 51" E 164.79 feet to a found 30" beech (being referenced N 83° 52' 40" E 12.29 feet from a corner stone), a corner to Eubank and a corner to W.E. Tabor (Deed Book 23, Page 412); thence with the line of Tabor, S 83° 21' 06" E 324.13 feet to a found corner stone, a corner to the parent tract (being referenced N 21° 50' 26" W 0.31 feet from a set 5/8" rebar with cap), a corner to Tabor and a corner to James Burton (Deed Book 84, Page 132); thence with the lines of Burton, S 00° 22' 01" W 810.32 feet to a set 5/8" rebar with cap (being referenced N 21° 24' 46" W 39.76 feet from a 14" sycamore); thence S 10° 34' 54" E 1,386.65 feet to the point of beginning and containing 146.000 acres, more or less, according to survey by Joe David Houchens, PLS #2649, Pride Engineering & Land Surveying, Inc., dated March 8, 2005.

NOTE: This property is subject to any existing rights of way or easements.

Unless stated otherwise, any monument referred to herein as a "rebar and cap" is a set 5/8" rebar, 18" in length, with a yellow plastic cap stamped "Joe D. Houchens, PLS 2649." All bearings stated herein are referred to the magnetic meridian as observed on March 4, 2005, along the East line of the above described property.

Being the same land conveyed to Scott Hatler and wife, Vickie Hatler, by deed from Tim Hatler, unmarried; Scott Hatler joined by his wife, Vickie Hatler; and Vikki Burns joined by her husband, Wayne Burns, dated March 14, 2005, and recorded in Deed Book 244, Page 316, Allen County Clerk's Office, Scottsville, Kentucky.

TRACT NO. 5 as shown on Plat recorded in Plat Book 5, Page 2, Allen County Clerk's Office, Scottsville, Kentucky:

BEGINNING at a set 5/8" rebar with cap on the right of way of A.R. Oliver Road (assumed 40' r/w), and a corner W.R. Hatler, Jr. Estate Tract # 1 (being a portion of Deed Book 207, Page 738, Will Book 22, Page 395), THENCE with the right of way of A.R. Oliver Road as it meanders: N 86° 28' 16" W 27.69 feet, N 88° 02' 48" W 46.63 feet, N 86° 26' 14" W 42.91 feet, N 78°57' 18" W 44.09 feet, N 71° 32' 15" W 45.50 feet to a set 5/8" rebar with cap on the right of way of the A.R. Oliver Road (Assumed 40' r/w), and a corner to W.R. Hatler, Jr. Estate Tract #1 (being a portion of Deed Book 207, Page 738, Will Book 22, Page 395); THENCE with the lines of Hatler Tract #1, N 08° 19' 41" W 223.56 feet to a set 5/8" rebar with cap, THENCE N 81° 25' 51" E 129.74 feet to a set 5/8" rebar with cap, THENCE S 22° 01' 30" E 286.88 feet to the POINT OF BEGINNING and CONTAINING 0.958 ACRES or 41,715 SQUARE FEET, more or less according to survey by Joe David Houchens, P.L.S. # 2649, Pride Engineering & Land Surveying, Inc., dated March 21, 2005.

Unless stated otherwise, any monument referred to herein as a "rebar and cap" is a set 5/8" rebar, 18" in length, with a yellow plastic cap stamped "Joe D. Houchens, PLS 2649". All bearings stated herein are referred to the magnetic meridian as observed on March 4, 2005, along the East line of the above described property.

Being a part of the same land, according to a new survey, conveyed to W. R. Hatler, Jr., by deed from Phillip Hatler and wife, Martha Hatler, and W. R. Hatler, Jr., unmarried, dated March 16, 2000, and recorded in Deed Book 207, Page 738, Allen County Clerk's Office, Scottsville, Kentucky. The said W. R. Hatler, Jr., died testate on December 5, 2004, and pursuant to his will recorded in Will Book 22, page 395, in said Clerk's Office, he devised said real estate to his children, Tim Hatler, Scott Hatler, and Vikki Burns. The said Tim Hatler, unmarried, and Vikki Hatler Petty and husband, Robert Lee Petty, Sr., conveyed their entire 2/3 interest in said real estate to Scott Hatler by deed dated December 1, 2008, and recorded in Deed Book 273, Page 225, in said Clerk's Office.

The aforementioned tracts of real property were purchased with funds structured through the above-referenced accounts (South Central Bank of Monroe County account number ending in XXX7201 and Farmers National Bank account number ending in XXX8437), and also through

Farmers National Bank account ending in XXX1011, in the name of Gary Cole dba Cole Distributing.

## THE LAW

6.    31 U.S.C. § 5313 and 31 C.F.R. Part 103 of the Bank Secrecy Act (BSA) requires any financial institution that engages with a customer in a currency transaction (i.e., a deposit or withdrawal) in excess of $10,000 to report the transaction to the IRS on Form 4789, Currency Transaction Report (CTR). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000 during any one business day.

7.    In order to establish that transactions were structured to evade reporting requirements, the United States must prove that, for the purpose of evading the reporting requirements of section 5313(a) or 5324 or any regulation prescribed under any such section, the subject structured or assisted in structuring, or attempted to structure or assist in structuring, any transaction with one or more domestic financial institutions in amounts less than $10,000.

8.    Pursuant to 31 U.S.C. § 5324(a)(1), "no person shall cause or attempt to cause a domestic financial institution to fail to file a report required under section 5313(a) or 5325 or any regulation prescribed under any such section, to file a report or to maintain a record required by an order issued under section 5326, or to maintain a record required pursuant to any regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508."

9.    Pursuant to 31 U.S.C. § 5317(c)(2), "[a]ny property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United

8

States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code."

10.     Pursuant to 18 U.S.C. § 984, the United States can seize, for civil forfeiture, identical property found in the same place where the "guilty" property had been kept.  Pursuant to this section, the monies seized need not have been the particular monies traced to the crimes alleged, so long as the criminal funds were on deposit in that same account within one year of the seizure.  Thus, Section 984 makes the property seized subject to forfeiture to the extent that monies traced to crime were located in the account in the year preceding the seizure.  Accordingly, pursuant to 18 U.S.C. § 984, the monies seized from this bank are subject to forfeiture.

### SUMMARY OF RELEVANT FACTS

11.     The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of IRS Special Agent, Brandon Welch, which is attached hereto as Exhibit "A", and incorporated in its entirety herein by reference.

### CLAIM FOR RELIEF

12.     The defendant property constitutes property involved in transactions or attempted transactions conducted in violation of 31 U.S.C. § 5324(a), or property traceable thereto, and is therefore forfeitable to the United States pursuant to  18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 984 and 31 U.S.C. §  5317(c)(2).

WHEREFORE, the plaintiff respectfully requests:

1.     that the Court issue a warrant for the arrest and seizure of the defendant funds;

2.     That the Court issue a Writ of Entry for the defendant real property;

3.     that notice of this action be given to all persons known or thought to have an interest in or right against the property;

9

4.    that the defendant property be forfeited and condemned to the United States of

America;

5.    that the plaintiff be awarded its costs and disbursements in this action; and

6.    for such other and further relief as this court deems proper and just.

Respectfully submitted,

DAVID J. HALE
United States Attorney

s/Jason Snyder
JASON SNYDER
Assistant United States Attorney
Western District of Kentucky
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911
(502) 582-5097 (fax)

## VERIFICATION

I, Brandon Welch, am a Special Agent with the Internal Revenue Service Criminal Investigation Division. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

SA Brandon Welch

Dated: 9/7/12

Subscribed and sworn to before me this 7th day of September, 2012.

Notary Public
My Commission expires: 5/11/2015