**Affidavit of Special Agent Brandon Welch in
Support of Complaint for Forfeiture in Rem**

Property to Be Forfeited

1) The property to be forfeited is:

2) Contents of accounts totaling $40,606.37 (consisting of $12,895.74 of funds seized from bank account ending in ***8437 held in the name of Cole Distributing Inc., which was located at Farmers National Bank, 107 North Court Street, Scottsville, Kentucky 42164; and $27,710.63 of funds seized from bank account ending in ***7201 held in the name of Cole Distributing Inc., which was located at South Central Bank of Monroe County, 320 North Main Street, Tompkinsville, Kentucky 42167). This property was involved or is traceable to property involved in violations of 31 U.S.C. § 5324 and therefore is subject to forfeiture to the United States under 31 U.S.C. § 5317 (which incorporates Title 18 U.S.C. § 981) and 18 U.S.C. § 984.

3) 220.81 acres, more or less, or real property referenced and defined on or about Map 45-1, Allen County Property Valuation Administrator (hereinafter "Map 45-1 Tract"), which has no street address as there is not a habitable structure located on the property. This property was involved or is traceable to property involved in violations of 31 U.S.C. § 5324 and therefore is subject to forfeiture to the United States under 31 U.S.C. § 5317 and 18 U.S.C. § 981.

4) Real property located on or about the A.R. Oliver Road, Scottsville, Kentucky, Allen County (hereinafter "A. R. Oliver Road Tract 1"). This property was involved or is traceable to property involved in violations of 31 U.S.C. § 5324 and therefore is

subject to forfeiture to the United States under 31 U.S.C. § 5317 and 18 U.S.C. § 981.

5)  Real property located on or about the A.R. Oliver Road, Scottsville, Kentucky, Allen County (hereinafter "A. R. Oliver Road Tract 5"). This property was involved or is traceable to property involved in violations of 31 U.S.C. § 5324 and therefore is subject to forfeiture to the United States under 31 U.S.C. § 5317 and 18 U.S.C. § 981.

### Summary of Affidavit

6)  As set forth in more detail in this affidavit, records reveal that Gary Cole structured approximately $892,118.00 in currency deposits into three bank accounts in violation of 31 U.S.C. § 5324. Of this structured amount, $732,922.57 was put toward the purchase of the Map 45-1 Tract, A. R. Oliver Road Tract 1 and A. R. Oliver Road Tract 5. On or about June 14, 2010, the remainder of the contents of two accounts, a total of $40,606.37, was seized as funds involved in structuring, pursuant to 31 U.S.C. §§ 5317 and 5324.

7)  The following table illustrates the structured cash deposits and the instruments through which those structured funds were moved from the accounts for use in the purchase of defendant property:

| Date | Time | Day | F.N.B #ending in ***8437 | F.N.B #ending in ***1011 | SCBMC #ending in ***7201 | Currency Total | Branch |
|------|------|-----|--------------------------|--------------------------|--------------------------|----------------|--------|
| 10/16/2007 | unk | Tue | | $9,000.00 | | | unk |
| 10/17/2007 | 11:16 | Wed | | $9,110.00 | | | 2 |
| 10/19/2007 | | Fri | | $8,970.00 | | | |
| | | | | | | $27,080.00 | |
| 10/22/2007 | 12:20 | Mon | | $9,340.00 | | | 1 |
| 10/23/2007 | 11:49 | Tue | | $9,530.00 | | | 1 |
| 10/24/2007 | 13:05 | Wed | | $9,610.00 | | | 1 |

| Date | Time | Day | F.N.B #ending in ***8437 | F.N.B #ending in ***1011 | SCBMC #ending in ***7201 | Currency Total | Branch |
|---|---|---|---|---|---|---|---|
| 10/25/2007 | 13:17 | Thur | | $9,645.00 | | | 1 |
| 10/25/2007 | 11:17 | Thur | $9,600.00 | | | | 1 |
| 10/26/2007 | 13:53 | Fri | | $9,570.00 | | | 1 |
| 10/26/2007 | 13:21 | Fri | $9,540.00 | | | | 2 |
| | | | | | | $66,835.00 | |
| 10/29/2007 | 12:59 | Mon | $9,530.00 | | | | 2 |
| 10/29/2007 | 11:24 | Tue | | $9,540.00 | | | 1 |
| 10/30/2007 | 14:16 | Tue | $9,610.00 | | | | 2 |
| 10/30/2007 | 14:29 | Tue | | $9,620.00 | | | 1 |
| 10/31/2007 | 10:35 | Wed | | $9,560.00 | | | |
| 10/31/2007 | 11:03 | Wed | $9,520.00 | | | | 2 |
| 11/01/2007 | 12:31 | Thur | | $9,515.00 | | | unk |
| 11/01/2007 | 9:24 | Thur | $9,510.00 | | | | 3 |
| 11/02/2007 | 9:50 | Fri | $9,540.00 | | | | 2 |
| 11/02/2007 | 13:54 | Fri | | $9,520.00 | | | |
| | | | | | | $95,465.00 | |
| 11/03/2007 | check | #6959 | | ($46,010.00) | | | |
| 11/05/2007 | 10:59 | Mon | | $9,540.00 | | | 3 |
| 11/05/2007 | 10:53 | Mon | $9,520.00 | | | | 1 |
| 11/06/2007 | 15:11 | Tue | $9,550.00 | | | | 3 |
| 11/06/2007 | 10:38 | Tue | | $9,470.00 | | | 1 |
| | | | | | | $38,080.00 | |
| 11/07/2007 | 11:41 | Wed | | $9,570.00 | | | 1 |
| 11/07/2007 | 11:51 | Wed | $9,530.00 | | | | 2 |
| 11/08/2007 | 11:20 | Thur | $9,620.00 | | | | 2 |
| 11/08/2007 | 10:09 | Thur | | $9,440.00 | | | 1 |
| 11/09/2007 | 12:59 | Fri | | $9,550.00 | | | 2 |
| 11/09/2007 | 8:31 | Fri | $9,640.00 | | | | 3 |
| | | | | | | $57,350.00 | |
| 11/13/2007 | 12:54 | Tue | | $9,415.00 | | | |
| 11/13/2007 | 11:40 | Tue | $9,510.00 | | | | 2 |
| 11/14/2007 | 15:07 | Wed | | $9,615.00 | | | 1 |
| 11/14/2007 | 12:55 | Wed | $9,630.00 | | | | 3 |
| | | | | | | $38,170.00 | |
| 11/15/2007 | 12:06 | Thur | | $9,530.00 | | | |
| 11/15/2007 | 11:31 | Thur | $9,410.00 | | | | 1 |
| 11/16/2007 | 15:46 | Fri | | $9,530.00 | | | 1 |
| 11/16/2007 | 11:57 | Fri | $9,515.00 | | | | 2 |
| | | | | | | $37,985.00 | |
| 11/19/2007 | 9:29 | Mon | $9,540.00 | | | | 3 |
| 11/19/2007 | 12:12 | Mon | | $9,520.00 | | | 1 |
| 11/20/2007 | 11:24 | Tue | | $9,510.00 | | | 2 |
| 11/20/2007 | 11:36 | Tue | $9,540.00 | | | | 2 |
| 11/21/2007 | 11:31 | Wed | | $9,445.00 | | | 1 |
| 11/21/2007 | 13:30 | Wed | $9,425.00 | | | | 3 |
| | | | | | | $56,980.00 | |
| 11/23/2007 | 9:53 | Fri | $9,440.00 | | | | 1 |

| Date | Time | Day | F.N.B #ending in ***8437 | F.N.B #ending in ***1011 | SCBMC #ending in ***7201 | Currency Total | Branch |
|---|---|---|---|---|---|---|---|
| 11/23/2007 | 10:30 | Fri | | | $9,500.00 | | 25 |
| 11/23/2007 | 11:02 | Fri | | $9,500.00 | | | 2 |
| | | | | | | $28,440.00 | |
| 11/26/2007 | 9:20 | Mon | $9,630.00 | | | | 2 |
| 11/26/2007 | 9:32 | Mon | | | $9,000.00 | | 25 |
| 11/26/2007 | 13:38 | Mon | | $9,410.00 | | | 1 |
| | | | | | | $28,040.00 | |
| 11/27/2007 | 11:48 | Tue | $9,530.00 | | | | 2 |
| 11/27/2007 | 12:02 | Tue | | | $9,000.00 | | 25 |
| 11/27/2007 | 15:53 | Tue | | $9,410.00 | | | 1 |
| 11/28/2007 | 13:22 | Wed | $9,610.00 | | | | 2 |
| | | | | | | $37,550.00 | |
| 11/30/2007 | check | #7011 | | ($200,000,00) | | | |
| 11/30/2007 | Check | #501 | ($215,599.57) | | | | |
| 01/22/2008 | 15:51 | Tue | | | $5,500.00 | | 25 |
| 01/23/2008 | 11:51 | Wed | | | $7,040.00 | | 25 |
| | | | | | | $12,540.00 | |
| 01/28/2008 | 13:41 | Mon | | | $8,520.00 | | 25 |
| 01/29/2008 | 11:09 | Tue | | | $8,100.00 | | 25 |
| | | | | | | $16,620.00 | |
| 01/30/2008 | 14:52 | Wed | $8,600.00 | | | | 1 |
| 01/30/2008 | 15:53 | Wed | | | $8,500.00 | | 25 |
| | | | | | | $17,100.00 | |
| 01/31/2008 | 13:50 | Thur | $7,800.00 | | | | 1 |
| 01/31/2008 | 13:59 | Thur | | | $9,000.00 | | 25 |
| | | | | | | $16,800.00 | |
| 02/01/2008 | 12:02 | Fri | $8,400.00 | | | | 2 |
| 02/01/2008 | 12:17 | Fri | | | $8,900.00 | | 25 |
| | | | | | | $17,300.00 | |
| 02/04/2008 | 12:47 | Mon | | | $7,500.00 | | 25 |
| 02/04/2008 | 13:07 | Mon | $8,500.00 | | | | 2 |
| 02/05/2008 | 11:33 | Tue | $4,600.00 | | | | |
| 02/05/2008 | 13:27 | Tue | | | $8,500.00 | | 25 |
| | | | | | | $29,100.00 | |
| 06/15/2009 | 11:39 | Mon | $9,040.00 | | | | 2 |
| 06/15/2009 | 11:45 | Mon | | | $9,120.00 | | 25 |
| | | | | | | $18,160.00 | |
| 06/15/2009 | check | #752 | ($26,643.00) | | | | |
| 06/16/2009 | 9:29 | Tue | $9,140.00 | | | | 2 |
| 06/16/2009 | 9:35 | Tue | | | $9,060.00 | | 25 |
| | | | | | | $18,200.00 | |
| 06/16/2009 | check | #1721 | | | ($26,643.00) | | |
| 06/17/2009 | 11:49 | Wed | | | $9,000.00 | | 25 |
| 06/17/2009 | 12:05 | Wed | $9,100.00 | | | | 2 |
| | | | | | | $18,100.00 | |
| 06/18/2009 | 11:40 | Thur | | | $9,020.00 | | 25 |

| Date | Time | Day | F.N.B #ending in ***8437 | F.N.B #ending in ***1011 | SCBMC #ending in ***7201 | Currency Total | Branch |
|---|---|---|---|---|---|---|---|
| 06/18/2009 | 11:56 | Thur | $9,030.00 | | | | 2 |
| | | | | | | $18,050.00 | |
| 06/19/2009 | 12:58 | Fri | $9,015.00 | | | | 2 |
| 06/19/2009 | 13:05 | Fri | | | $9,015.00 | | 25 |
| | | | | | | $18,030.00 | |
| 06/22/2009 | 12:03 | Mon | | | $9,115.00 | | 25 |
| 06/22/2009 | 14:57 | Mon | $8,325.00 | | | | 1 |
| | | | | | | $17,440.00 | |
| 06/23/2009 | 15:24 | Tue | $9,105.00 | | | | 2 |
| 06/23/2009 | 15:28 | Tue | | | $8,910.00 | | 25 |
| | | | | | | $18,015.00 | |
| 06/24/2009 | 11:40 | Wed | | | $9,000.00 | | 25 |
| 06/24/2009 | 11:52 | Wed | $9,000.00 | | | | 2 |
| | | | | | | $18,000.00 | |
| 06/25/2009 | 15:45 | Thur | $8,995.00 | | | | 2 |
| 06/25/2009 | 15:50 | Thur | | | $9,120.00 | | 25 |
| | | | | | | $18,115.00 | |
| 06/26/2009 | 14:53 | Fri | $9,240.00 | | | | 2 |
| 06/26/2009 | 15:00 | Fri | | | $9,120.00 | | 25 |
| | | | | | | $18,360.00 | |
| 06/29/2009 | 14:52 | Mon | $9,050.00 | | | | 2 |
| 06/29/2009 | 14:57 | Mon | | | $9,060.00 | | 25 |
| | | | | | | $18,110.00 | |
| 06/30/2009 | 14:05 | Tue | $9,120.00 | | | | 2 |
| 06/30/2009 | 14:10 | Tue | | | $8,920.00 | | 25 |
| | | | | | | $18,040.00 | |
| 07/01/2009 | 13:34 | Wed | $8,988.00 | | | | 2 |
| 07/01/2009 | 13:57 | Wed | | | $9,015.00 | | 25 |
| | | | | | | $18,003.00 | |
| 07/02/2009 | 15:22 | Thur | $9,035.00 | | | | 2 |
| 07/02/2009 | 15:30 | Thur | | | $8,980.00 | | 25 |
| | | | | | | $18,015.00 | |
| 07/03/2009 | 10:31 | Fri | | | $9,015.00 | | 25 |
| 07/03/2009 | 10:41 | Fri | $9,030.00 | | | | 2 |
| | | | | | | $18,045.00 | |
| 07/10/2009 | check | #772 | ($151,785.67) | | | | |
| 07/10/2009 | check | #1750 | | | ($150,000.00) | | |
| Total Currency Deposits 10/16/07-07/03/09 | | | $392,603.00 | $264,985.00 | $234,530.00 | $892,118.00 | |

| Date | Time | Day | F.N.B #ending in ***8437 | F.N.B #ending in ***1011 | SCBMC #ending in ***7201 | Currency Total | Branch |
|---|---|---|---|---|---|---|---|
| Total Structured Currency Deposits 06/15/09-07/03/09 (Fungibility Period at Time of Seizure) | | | $135,213.00 | | $135,470.00 | $270,683.00 | |

### Experience of Affiant

8)  I, Special Agent Brandon J. Welch, your affiant, first being duly sworn, hereby

depose and state that I am a Special Agent with the Internal Revenue Service -

Criminal Investigation and have been since 2001.  My duties and responsibilities as

a Special Agent include the investigation of alleged criminal violations of the Internal

Revenue Laws enumerated as Title 26 of the United States Code, money

laundering offenses enumerated within Title 18 of the United States Code, Bank

Secrecy Act violations enumerated within Title 31 of the United States Code, and

federal offenses related to the three foregoing categories.  I am a graduate of the

Federal Law Enforcement Training Center, where I received extensive training on

the different aspects of criminal investigations, including among others witness

interviews, surveillance, search and seizure warrants, and undercover operations.  I

have received specific training related to the enforcement of the tax laws of the

United States, including the investigation of tax evasion schemes, money

laundering, currency crimes, conspiracies to defraud the United States, and other

related offenses.  I have also received training in the United States laws relating to

judicial process, the elements of probable cause, the requirements of the Fourth

Amendment to the U.S. Constitution, and searches for evidence and seizures of

property, goods, financial instruments, and currency for forfeiture to the United

States.

9)   Prior to being employed by IRS-CI I worked for four years in the public accounting industry. I graduated with a Bachelor in Science with a concentration in accounting from California State University Northridge in 1997.

10)  I am assigned to the Financial Crimes Task Force (hereinafter "FCTF").

11)  Your affiant, along with others on the FCTF, has conducted an investigation into allegations that Gary L. Cole has structured, attempted to structure, and/or conspired to structure currency deposits; caused or attempted to cause a financial institution to fail to file a CTR; and/or caused or attempted to cause a financial institution to file a false CTR; in order to evade the Bank Secrecy Act reporting requirements, in violation of 31 U.S.C. § 5324.

12)  Based upon the experience of your affiant as a law enforcement officer and the experience of other law enforcement agents participating on the FCTF, and the information contained within this affidavit, there is probable cause to believe that the property sought for seizure belongs to Gary Cole, Cole Distributing, and that this property was involved or is traceable to property involved in violations of 31 U.S.C § 5324. Consequently, this property is subject to forfeiture under 31 U.S.C. § 5317 and 18 U.S.C. § 981 and 984.

### Background

13)  31 U.S.C. § 5313 and 31 C.F.R. Part 1010.311 require any domestic financial institution involved in a transaction for the payment, receipt, or transfer of United States coin or currency (or other monetary instruments designated by the Secretary of the Treasury) in excess of $10,000 to report that transaction to the Internal

Revenue Service by filing a CTR.  These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that the financial transactions are conducted by, for, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000 during any one business day.

14)  The aforementioned financial crimes are crimes of concealment motivated by profit or greed.  As such, individuals engaged in this type of activity attempt to amass wealth and engage in expenditures in a manner designed to prevent detection by law enforcement officers.

15)  Individuals often engage in structuring in an attempt to hide or disguise, from law enforcement officers, the proceeds of other illegal activities; or the proceeds of legal income earned, but on which taxes have not been paid.

16)  CTRs are often used by law enforcement to uncover a wide variety of illegal activities including narcotics trafficking, money laundering, and secreting legal income.  Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to cause financial institutions to fail to file CTRs.  These active steps include making multiple currency withdrawals, deposits, or exchanges; each transaction in amounts not exceeding $10,000, to a bank, multiple banks and/or branches of the same bank on the same day, consecutive days, or within a few days.

17)  Multiple currency transactions at the same bank, each not exceeding $10,000, but totaling more than $10,000 within one business day are normally discovered by the bank after the close of the business day. The banks then prepare and file a CTR

outside the presence of and without the knowledge of the person(s) involved in the currency transactions.

18) In order to prove a person guilty of structuring transactions to evade the currency transaction reporting requirements, the United States need only prove that the person knew of those requirements and deliberately acted to evade them. The United States is not required to prove that the person knew that structuring was unlawful. 31 C.F.R. Part 1010.100(xx) defines structuring as an attempt, by one or more persons, to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading a financial institution's reporting requirements. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition.

19) Title 26 U.S.C. § 6050I, Title 31, U.S.C. § 5331 and 31 C.F.R. Part 1010.311 require any person engaged in a trade or business who, in the course of such trade or business receives more than $10,000 comprised of foreign or United States coin or currency or any monetary instrument not exceeding $10,000, to report that transaction to the Internal Revenue Service by filing a Form 8300. These regulations also require that multiple related transactions, payments made within one year of the initial payment, be treated as a single transaction.

## Investigation

20)  The following information is derived from investigation by your affiant and

information provided to your affiant by other law enforcement agents participating

on the FCTF.  Your affiant is familiar with the evidence and records in this matter.

## Kentucky Online Corporate Records

21)  Kentucky Secretary of State online records when checked on dates including June

11, 2012 have shown that Cole Distributing, Inc., organization number 0443301, is

listed as in good standing and in an active status.  The principal office is listed as

3191 Spears Road, Scottsville, Kentucky 42164.  Gary L. Cole is listed as the

registered agent, sole officer and incorporator. The last annual report was dated on

April 13, 2012.

## CBRS Online Records

22)  In the course of this investigation, agents of the FCTF including Special Agent

Brandon Welch searched the Currency Banking Retrieval System (CBRS), including

as recently as September 7, 2012, for CTRs filed by any financial institution as a

result of currency transactions with Gary Cole or any business associated with Gary

L. Cole and/or Cole Distributing Inc.  CBRS online records revealed that two (2)

CTRs were filed by South Central Bank on April 26, 1999 and August 23, 1999,

listing Gary Cole as the person on whose behalf the transactions were conducted,

doing business as Cole Cartridge Distributing, with listed addresses of 5480

Scottsville Road, Bowling Green, Kentucky 42104 and Bowling Green, Kentucky

42104.  Two (2) other CTRs were revealed, filed by Farmers National Bank on

October 29, 2007 and November 27, 2007, showing Gary Cole as the person on

whose behalf the transactions were conducted, with addresses listed respectively as 3191 Spears Road, Scottsville, Kentucky 42164 and 5460 Scottsville Road, Bowling Green, Kentucky 42103. The CTR dated October 29, 2007, lists the conductor of the transaction as Dianna Simmons. All of the CTRs were for multiple transactions of currency totaling more than $10,000 within a twenty-four (24) hour period.

23) Agents of the FCTF including Special Agent Brandon Welch searched the Currency Banking Retrieval System (CBRS), including as recently as June 11, 2012, for any Forms 8300 (cash payments over $10,000) filed relating to Gary Cole or Cole Distributing. Records reveal the filing of no such forms as of June 11, 2012.

<u>Structuring of Currency Deposits in Farmers National Bank Account Ending in \*\*\*1011</u>

24) Records provided by Farmers National Bank related to Gary L. Cole revealed that account ending in \*\*\*1101 was opened December 23, 1999. Gary L. Cole had signatory authority for this account, which is a business checking account in the name of Gary Cole DBA Cole Distributing. The monthly statements for Farmers National Bank account ending in \*\*\*1011 reflect the address of Cole's residence on Spears Road, Scottsville, Kentucky.

25) During a period beginning October 1, 2007 through July 29, 2008, deposits to Farmers National Bank account number ending in \*\*\*1011 totaled approximately $414,572.60. Records show that of the $414,572.60 approximately $149,587.60 was deposited in checks and/or electronic credits and the remaining $264,985.00 were made as currency deposits.

26) From October 16, 2007 through November 27, 2007, the cash deposits totaling

$264,985.00 made into Farmers National Bank account ending in ***1011 were made on the same day, consecutive days, or within a few days, with each deposit not exceeding $10,000.  $142,445 of these currency deposits were made from November 3, 2007 through November 27, 2007.

27)  Bank records show an account balance for Farmers National Bank number ending in ***1011 of $68,125.65 on October 16, 2007, increasing to $107,778.51 as of November 2, 2007 and to $216,424.52 as of November 27, 2007.

28)  On November 7, 2007, check #6959 for $46,010 to Top Dollar Auctions cleared Farmers National Bank account ending in ***1011.

29)  On December 3, 2007, check #7011 for $200,000 to Reynolds, Johnston, Hinton, & Pepper LLP, dated November 30, 2007, cleared Farmers National Bank account ending in ***1011.

30)  The following table illustrates that checks #6959 for $46,010 and #7011 for $200,000 on Farmers National Bank account ending in ***1011, both of which were used for the purchase of the Map 45-1 Tract, were funded by traceable proceeds of structuring in violation of 31 U.S.C. § 5324:

| Date | Description | Amount | Cash deposits to FNB account ending in ***1011 | Daily ending balance |
|------|-------------|--------|-----------------------------------------------|----------------------|
| 10/16/2007 | Cash deposited | | 9,000.00 | 68,125.65 |
| 10/17/2007 | Cash deposited | | 9,110.00 | 95,589.86 |
| 10/18/2007 | | | | 101,143.28 |
| 10/19/2007 | Cash deposited | | 8,970.00 | 123,069.97 |
| 10/22/2007 | Cash deposited | | 9,340.00 | 22,504.23 |
| 10/23/2007 | Cash deposited | | 9,530.00 | 31,988.34 |
| 10/24/2007 | Cash deposited | | 9,610.00 | |

| Date | Description | Amount | Cash deposits to FNB account ending in ***1011 | Daily ending balance |
|---|---|---|---|---|
| | | | | 40,622.44 |
| 10/25/2007 | Cash deposited | | 9,645.00 | 50,961.61 |
| 10/26/2007 | Cash deposited | | 9,570.00 | 61,027.48 |
| 10/29/2007 | Cash deposited | | 9,540.00 | 73,314.61 |
| 10/30/2007 | Cash deposited | | 9,620.00 | 80,271.48 |
| 10/31/2007 | Cash deposited | | 9,560.00 | 87,343.90 |
| 11/01/2007 | Cash deposited | | 9,515.00 | 98,201.27 |
| 11/02/2007 | Cash deposited | | 9,520.00 | 107,778.51 |
| 11/05/2007 | Cash deposited | | 9,540.00 | 120,472.23 |
| 11/06/2007 | Cash deposited | | 9,470.00 | 129,644.76 |
| 11/07/2007 | Cash deposited | | 9,570.00 | 139,214.76 |
| 11/07/2007 | Checks deposited | 4,900.85 | | 144,115.61 |
| 11/07/2007 | VMC Settle | 1,766.27 | | 145,881.88 |
| 11/07/2007 | Ck 839 | (1,639.39) | | 144,242.49 |
| 11/07/2007 | Ck 6948 | (357.00) | | 143,885.49 |
| 11/07/2007 | Ck 6955 | (983.68) | | 142,901.81 |
| 11/07/2007 | Ck 6959 to Top Dollar Auctions | (46,010.00) | | 96,891.81 |
| 11/07/2007 | | | | 96,891.81 |
| 11/08/2007 | Cash deposited | | 9,440.00 | 97,729.05 |
| 11/09/2007 | Cash deposited | | 9,550.00 | 107,696.39 |
| 11/13/2007 | Cash deposited | | 9,415.00 | 115,818.39 |
| 11/14/2007 | Cash deposited | | 9,615.00 | 130,588.24 |
| 11/15/2007 | Cash deposited | | 9,530.00 | 141,216.11 |
| 11/16/2007 | Cash deposited | | 9,530.00 | 147,935.04 |
| 11/19/2007 | Cash deposited | | 9,520.00 | 160,056.58 |
| 11/20/2007 | Cash deposited | | 9,510.00 | 168,731.52 |
| 11/21/2007 | Cash deposited | | 9,445.00 | 188,666.60 |

Affidavit of Brandon Welch                    13

| Date | Description | Amount | Cash deposits to FNB account ending in ***1011 | Daily ending balance |
|---|---|---|---|---|
| 11/23/2007 | Cash deposited | | 9,500.00 | 198,930.15 |
| 11/26/2007 | Cash deposited | | 9,410.00 | 208,620.81 |
| 11/27/2007 | Cash deposited | | 9,410.00 | 216,424.52 |
| 11/28/2007 | | | | 216,141.67 |
| 11/29/2007 | | | | 218,942.85 |
| 11/30/2007 | | | | 213,934.58 |
| 12/01/2007 | | | | 213,934.58 |
| 12/03/2007 | Settlements | 2,100.98 | | 216,035.56 |
| 12/03/2007 | Ck 7007 | (299.25) | | 215,736.31 |
| 12/03/2007 | Ck 7011 to RJHP | (200,000.00) | | 15,736.31 |
| | | | 264,985.00 | |

## Structuring of Currency Deposits in Farmers National Bank Account Ending in ***8437

31) Records provided by Farmers National Bank related to Gary L. Cole revealed that account ending in ***8437 was opened October 25, 2007. Gary L. Cole has signatory authority for this account, which is a business checking account in the name of Cole Distributing, Inc. The monthly statements for Farmers National Bank account number ending in ***8437 reflect the address of Cole's residence on Spears Road, Scottsville, Kentucky.

32) During a period beginning October 25, 2007, through July 28, 2009, deposits to Farmers National Bank account number ending in ***8437 totaled approximately $1,524,519.77. Records show that approximately $1,127,916.77 was deposited in check form and the remaining $392,603.00 was currency deposits.

Affidavit of Brandon Welch                    14

33) From October 25, 2007 through July 3, 2009, the currency deposits totaling $392,603.00 made into Farmers National Bank account ending in ***8437 were made on the same day, consecutive days, or within a few days, with each deposit not exceeding $10,000.

34) Bank records show that during the period of October 25, 2007, through November 28, 2007, the currency deposits into Farmers National Bank number ending in ***8437 total $219,490.00 and were made on the same day, consecutive days, or within a few days, with each deposit not exceeding $10,000.

35) Bank records show an account balance for Farmers National Bank account ending in ***8437 of $9,600.00 on October 25, 2007, increasing to $219,423.78 as of November 28, 2007.

36) Bank records show that during the period of January 30, 2008, through February 5, 2008, the deposits into Farmers National Bank number ending in ***8437 reflect multiple currency deposits, totaling $37,900.00; each deposit not exceeding $10,000, and deposited on the same day, consecutive days, or within a few days.

37) Records indicate account ending in ***1011 was closed on July 29, 2008.

38) Bank records show that during the period of June 15, 2009 through July 3, 2009, currency deposits into Farmers National Bank account ending in ***8437 total $135,213 and were made on the same day, consecutive days, or within a few days, with each deposit not exceeding $10,000. These currency deposits include a $9,040 cash deposit on June 15, 2009.

39) Records show that during the period of June 15, 2009, through July 3, 2009, the deposits into Farmers National Bank number ending in ***8437 include multiple

currency deposits, totaling $135,213.00; each deposit not exceeding $10,000, and deposited on the same day, consecutive days, or within a few days.  Bank records show an account balance of $57,571.77 on June 15, 2009, increasing to $167,058.66 as of July 9, 2009.

40) On December 3, 2007, check #501 for $215,599.57 to RHJP, dated November 30, 2007, cleared Farmers National Bank account ending in ***8437.

41) The following table illustrates that check #501 for $215,599.57 on Farmers National Bank account ending in ***8437, which was subsequently used for the purchase of the Map 45-1 Tract, was funded by traceable proceeds of structuring in violation of 31 U.S.C. § 5324:

| Date | Description | Amount | Cash deposits to FNB account ending in ***8437 | Daily ending balance |
|---|---|---|---|---|
| Account Opened 10/25/07 | | | | - |
| 10/25/2007 | | | 9,600.00 | 9,600.00 |
| 10/26/2007 | | | 9,540.00 | 19,140.00 |
| 10/29/2007 | | | 9,530.00 | 28,670.00 |
| 10/30/2007 | | | 9,610.00 | 38,280.00 |
| 10/31/2007 | | | 9,520.00 | 47,800.00 |
| 11/01/2007 | | | 9,510.00 | 57,310.00 |
| 11/02/2007 | | | 9,540.00 | 66,850.00 |
| 11/05/2007 | | | 9,520.00 | 76,370.00 |
| 11/06/2007 | | | 9,550.00 | 85,920.00 |
| 11/07/2007 | | | 9,530.00 | 95,450.00 |
| 11/07/2007 | Check Order | (66.22) | | 95,383.78 |
| 11/08/2007 | | | 9,620.00 | 105,003.78 |

| Date | Description | Amount | Cash deposits to FNB account ending in ***8437 | Daily ending balance |
|------|-------------|--------|---------------------------------------------|----------------------|
| 11/09/2007 | | | 9,640.00 | 114,643.78 |
| 11/13/2007 | | | 9,510.00 | 124,153.78 |
| 11/14/2007 | | | 9,630.00 | 133,783.78 |
| 11/15/2007 | | | 9,410.00 | 143,193.78 |
| 11/16/2007 | | | 9,515.00 | 152,708.78 |
| 11/19/2007 | | | 9,540.00 | 162,248.78 |
| 11/20/2007 | | | 9,540.00 | 171,788.78 |
| 11/21/2007 | | | 9,425.00 | 181,213.78 |
| 11/23/2007 | | | 9,440.00 | 190,653.78 |
| 11/26/2007 | | | 9,630.00 | 200,283.78 |
| 11/27/2007 | | | 9,530.00 | 209,813.78 |
| 11/28/2007 | | | 9,610.00 | 219,423.78 |
| 12/03/2007 | Check 501 to RJHP | (215,599.57) | | 3,824.21 |
| | | | 219,490.00 | |

42)   On June 15, 2009, check #752 for $26,643 to Universal Investments cleared Farmers National Bank account ending in ***8437.

43)   Records reveal that on July 10, 2009, check #772, written to Farmers National Bank in the amount of $151,785.67, cleared Farmers National Bank account ending in ***8437.  Records show that this check was used to purchase cashier's check #064063, in the amount of $151,785.67, payable to Secrest and Secrest Trust.

44)   The following table illustrates that checks #752 for $26,643.00 and #772 for $151,785.67 on Farmers National Bank account ending in ***8437, which were used for the purchase of A. R. Oliver Road Tracts 1 and 5 (check #772 purchasing

Affidavit of Brandon Welch                    17

cashier's check #064063 used for the land purchase), were funded by traceable

proceeds of structuring in violation of 31 U.S.C. § 5324:

| Date | Description | Amount | Cash deposits to FNB account ending in ***8437 | Daily ending balance |
|---|---|---|---|---|
| 06/15/2009 | Ck 752 - Universal Investments | (26,643.00) | | 47,768.76 |
| 06/15/2009 | Deposit | 763.01 | 9,040.00 | 57,571.77 |
| 06/15/2009 | Daily Balance | | | 57,571.77 |
| 06/16/2009 | Deposit | | 9,140.00 | 67,676.72 |
| 06/17/2009 | Deposit | | 9,100.00 | 76,776.72 |
| 06/18/2009 | Deposit | | 9,030.00 | 85,511.93 |
| 06/19/2009 | Deposit | | 9,015.00 | 92,012.25 |
| 06/22/2009 | Deposit | | 8,325.00 | 100,911.67 |
| 06/23/2009 | Deposit | | 9,105.00 | 110,071.00 |
| 06/24/2009 | Deposit | | 9,000.00 | 118,418.00 |
| 06/25/2009 | Deposit | | 8,995.00 | 126,127.29 |
| 06/26/2009 | Deposit | | 9,240.00 | 135,227.29 |
| 06/29/2009 | Deposit | | 9,050.00 | 146,876.17 |
| 06/30/2009 | Deposit | | 9,120.00 | 156,022.52 |
| 07/01/2009 | Deposit | | 8,988.00 | 129,384.51 |
| 07/02/2009 | Deposit | | 9,035.00 | 139,371.41 |
| 07/03/2009 | Deposit | | 9,030.00 | 148,401.41 |
| 07/08/2009 | | | | 165,130.06 |
| 07/09/2009 | | | | 167,058.66 |
| 07/10/2009 | Ck 772 - FNB for Cashier's check | (151,785.67) | | 15,272.99 |
| | | | 135,213.00 | |

45) Bank records reveal that on July 10, 2009, check #1750 cleared from South Central Bank of Monroe County account ending in ***7201, in the amount of $150,000.00.  Records show that this check was used to purchase cashier's check #076634 for the amount of $150,000.00, payable to Secrest and Secrest.

46) The following table illustrates that checks #1721 for $26,643.00 and #1750 for $150,000.00 on South Central Bank of Monroe County account ending in ***7201, which were used for the purchase of A. R. Oliver Road Tracts 1 and 5, were funded by traceable proceeds of structuring in violation of 31 U.S.C. § 5324:

| Date | Description | Amount | Cash deposits to SCBMC account ending in ***7201 | Daily ending balance |
|------|-------------|--------|------------------|-------------|
| 06/15/2009 | Cash deposit | | 9,120.00 | 68,532.43 |
| 06/16/2009 | Cash deposit | | 9,060.00 | 77,592.43 |
| 06/16/2009 | Ck 1721 - Universal Investments | (26,643.00) | | 50,949.43 |
| 06/16/2009 | Ck 1711 | (545.00) | | 50,404.43 |
| 06/16/2009 | | | | 50,404.43 |
| 06/17/2009 | Cash deposit | | 9,000.00 | 58,629.67 |
| 06/18/2009 | Cash deposit | | 9,020.00 | 67,649.67 |
| 06/19/2009 | Cash deposit | | 9,015.00 | 79,425.59 |
| 06/22/2009 | Cash deposit | | 9,115.00 | 89,057.17 |
| 06/23/2009 | Cash deposit | | 8,910.00 | 97,967.17 |
| 06/24/2009 | Cash deposit | | 9,000.00 | 108,687.86 |
| 06/25/2009 | Cash deposit | | 9,120.00 | 117,450.07 |
| 06/26/2009 | Cash deposit | | 9,120.00 | 127,619.69 |
| 06/29/2009 | Cash deposit | | 9,060.00 | 136,867.76 |
| 06/30/2009 | Cash deposit | | | |

| Date | Description | Amount | Cash deposits to SCBMC account ending in ***7201 | Daily ending balance |
|------|-------------|--------|--------------------------------------------------|----------------------|
| | | | 8,920.00 | 144,787.76 |
| 07/01/2009 | Cash deposit | | 9,015.00 | 154,910.44 |
| 07/02/2009 | Cash deposit | | 8,980.00 | 163,224.20 |
| 07/03/2009 | Cash deposit | | 9,015.00 | 172,768.79 |
| 07/06/2009 | | | | 168,170.12 |
| 07/07/2009 | | | | 167,873.74 |
| 07/08/2009 | | | | 177,489.90 |
| 07/09/2009 | | | | 179,120.41 |
| 07/10/2009 | Settlements | 1,081.27 | | 180,201.68 |
| 07/10/2009 | Ck 1733 | (183.04) | | 180,018.64 |
| 07/10/2009 | Ck 1748 | (107.85) | | 179,910.79 |
| 07/10/2009 | Other debit | (433.52) | | 179,477.27 |
| 07/10/2009 | Ck 1750 | (150,000.00) | | 29,477.27 |

135,470.00

## Structuring of Currency Deposits in South Central Bank of Monroe County Account Ending in ***7201

47)   Records provided by South Central Bank of Monroe County Bank related to Gary

L. Cole revealed that account ending in ***7201 was opened November 23, 2007.

Gary L. Cole has signatory authority for this account, which is a business checking

account in the name of Cole Distributing, Inc.  The monthly statements for South

Central Bank of Monroe County account ending in ***7201 reflect the same address

as Cole's residence on Spears Road, Scottsville, Kentucky.

48)  Bank records show that during the time period of November 23, 2007, through February 5, 2008, the deposits into South Central Bank of Monroe County account ending in ***7201 reflect multiple currency deposits, totaling $99,060.00; each deposit not exceeding $10,000, and deposited on the same day, consecutive days, or within a few days.

49)  From November 23, 2007 through July 3, 2009, twenty-seven (27) cash deposits totaling $234,530.00, each not exceeding $10,000, with the deposits made on the same day, consecutive days, or within a few days, were made into South Central Bank of Monroe County account ending in ***7201.

50)  Bank records show an account balance for South Central Bank of Monroe County account ending in ***7201 of $68,532.43 as of June 15, 2009, increasing to $179,120.41 as of July 9, 2009.

51)  Bank records reveal that on June 16, 2009, check #1721 cleared from South Central Bank of Monroe County account ending in ***7201, in the amount of $26,643.00, payable to Universal Investments.

<u>Structuring of Currency Deposits – All Three Accounts</u>

52)  Summarizing the above, during a period beginning October 16, 2007 through July 3, 2009, $892,118.00 in cash deposits were made into Farmers National Bank account ending in ***1011, Farmers National Bank account ending in ***8437 and South Central Bank of Monroe County account ending in ***7201, mostly in amounts between $8,900 and $10,000, each deposit not exceeding $10,000, with the deposits made on the same day, consecutive days, or within a few days. Checks traceable to those structured cash deposits were then issued for the

purchase of the Map 45-1 Tract, A. R. Oliver Road Tract 1, and A. R. Oliver Road Tract 5.

53) TFO Rodney Hall of the FCTF used a Global Positioning Satellite navigation device and also a vehicle mileage indicator to determine the distances between the aforementioned bank branches. All but seven (7) of the deposits discussed above were made at bank branches #1, #2, and #25 which are a maximum of 1.8 miles apart, and are located in Scottsville, Kentucky. The other seven (7) currency deposits were made at Farmers National Bank branch #3, which is is approximately 32 miles from bank branches #1, #2, and #25. Bank branch #3 is located in Tompkinsville, Kentucky.

### Purchase of the Map 45-1 Tract

54) On December 7, 2011, your affiant reviewed records at the Allen County Clerk's Office and discovered that deed book D265, pages 164 through 167, show that on November 30, 2007, "for and in consideration of the sum of $460,100.00, cash in hand paid" per the deed, Cole Distributing, Inc., purchased the Map 45-1 Tract.

55) Records show that Gary L. Cole, CEO of Cole Distributing, Inc., signed a contract to the Map 45-1 Tract for $460,100.00 on or about November 3, 2007, with $46,010.00 payable upon execution of the contract.

56) Records also show that Top Dollar Auctions was paid $46,010.00 on or about November 3, 2007, by Cole Distributing, Inc., check #6959, from Farmers National Bank account ending in ***1011.

57) Records show that the settlement of the sale of the Map 45-1 Tract to Cole Distributing, Inc. took place on November 30, 2007. Gary L. Cole signed the deed

of conveyance for Cole Distributing, Inc.  The contract sales price was $460,100.00.

The gross amount due from Cole Distributing, Inc., was $461,609.57.

58) Records show that the Map 45-1 Tract was paid for with the following instruments:

a) Top Dollar Auctions Escrow Account check #2372, dated November 30, 2007,

payable to RJH&P, in the amount of $46,010.00, with the description "Eloise Tabor-

Eleise Tabor Et al to Gary Cole" on the "for" line;

b) Cole Distributing, Inc., check #501 from Farmers National Bank account ending

in ***8437, in the amount of $215,599.57, payable to RJHP, dated November 30,

2007; and

c) Cole Distributing, Inc., check #7011 from Farmers National Bank account ending

in ***1011, in the amount of $200,000.00, payable to RJHP, dated November 30,

2007.

<u>Purchase of A. R. Oliver Road Tracts 1 and 5</u>

59) On December 7, 2011, your affiant reviewed the following records at the Allen

County Clerk's Office and discovered that deed book D274, pages 154 through 157,

show that on July 10, 2009, "for and in consideration of the sum of $344,540.00,

cash in hand paid" per the deed, Cole Distributing, Inc., purchased A. R. Oliver

Road Tract 1.

60) This same review revealed that deed book D274, pages 158 through 161, show

that on July 10, 2009, "for and in consideration of the sum of $10,700.00, cash in

hand paid" per the deed, Cole Distributing, Inc. purchased A. R. Oliver Road Tract

5.

61) Records show that Gary L. Cole, CEO of Cole Distributing, Inc., signed a contract to buy A. R. Oliver Road Tract 1 for $344,540.00 on or about June 13, 2009, with $51,681.00 payable as earnest money at the signing of the contract.

62) Records show that Gary L. Cole, CEO of Cole Distributing, Inc., signed a contract to buy A. R. Oliver Road Tract 5 for $10,700.00 on or about June 13, 2009, with $1,605.00 payable as earnest money at the signing of the contract.

63) Records show that the settlement for the sale of A. R. Oliver Road Tract 1 to Cole Distributing, Inc. was on July 10, 2009.   Gary L. Cole signed as CEO of Cole Distributing, Inc.   The contract sales price was $344,540.00.

64) Records show that the settlement for the sale of A. R. Oliver Road Tract 5 to Cole Distributing, Inc. was on July 10, 2009.   Gary L. Cole signed as CEO of Cole Distributing, Inc.   The contract sales price was $10,700.00.

65) Records show that the deed of conveyance for the sale of A. R. Oliver Tract 1 described the property as Tract No. 1 as shown on Plat recorded in Plat Book 5, Page 2, Allen County Clerk's Office, Scottsville, Kentucky, located in Allen County, Kentucky.

66) Records show that the deed of conveyance for the sale of A. R. Oliver Road Tract described the property as Tract No. 5 as shown on the Plat recorded in Plat Book 5, Page 2, Allen County Clerk's Office, Scottsville, Kentucky, located in Allen County, Kentucky.

67) Records show that A. R. Oliver Tracts 1 and 5 were paid for with the following funds:

a) Universal Investments Realty Auction Escrow Account check 137, dated July 10, 2009, payable to Secrest & Secrest, in the amount of $53,286.00, with the description Gary Cole – Halter on the for line.

b) South Central Bank of Monroe County cashier's check 076634, remitter Cole Distributing, Inc., in the amount of $150,000.00, payable to Secrest & Secrest, dated July 10, 2009.

c) Farmers National Bank cashier's check 064063, remitter Gary L. Cole, in the amount of $151,785.67, payable to Secrest and Secrest Trust, dated July 10, 2009.

68)   Records show that Universal Investments was paid the following funds:

a) Cole Distributing, Inc., check #752 from Farmers National Bank account ending in ***8437, in the amount of $26,643.00, payable to Universal Investments, dated June 13, 2009.

b) Cole Distributing, Inc., check #1721 from South Central Bank of Monroe County account ending in ***7201, in the amount of $26,643.00, payable to Universal Investments, dated June 13, 2009.

## Defendant Funds Seized from Accounts

69)   The currency deposits previously cited as involving amounts under $10,000 per account per day, often coming on the same day, consecutive days or within a few days, included $135,213.00 into Farmers National Bank account ending in ***8437 and $135,470.00 into South Central Bank of Monroe County account ending in ***7201 from June 15, 2009 through July 3, 2009.

70) National Bank account ending in \*\*\*8437 and $27,710.63 was seized from South

Central Bank of Monroe County account ending in \*\*\*7201 as funds involved in

structuring, pursuant to 18 U.S.C. § 984, and 31 U.S.C. §§ 5317 and 5324.

### Applicable Forfeiture Principles

71) Your affiant knows that 31 U.S.C. § 5317 provides for the forfeiture of "any

property involved in a violation of sections 5313, 5316, or 5324 of this title, or any

conspiracy to commit any such violation, and any property traceable to any such

violation or conspiracy."

### Fungible Property Can Be Forfeited

72) Your affiant knows that, in pertinent part, 18 U.S.C. § 984(a) provides:

1) In any forfeiture action in rem in which the subject property is cash . . .
   [or] funds deposited in an account in a financial institution . . .

   A) it shall not be necessary for the Government to identify the specific
      property involved in the offense that is the basis for the forfeiture; and

   B) it shall not be a defense that the property involved in such an offense has
      been removed and replaced by identical property.

2) Except as provided in subsection (b), any identical property found in the same
   place or account as the property involved in the offense that is the basis for
   the forfeiture shall be subject to forfeiture under this section.

73) Your affiant knows that Section 984 allows the United States to seize for civil

forfeiture identical property found in the same place where the "guilty" property had

been kept. In other words, Section 984(a)(1), relieves the Government from having

to show that the monies seized on or about June 14, 2010, from Farmers National

Bank account  ending in \*\*\*8437 and South Central Bank of Monroe County

account ending in ***7201 are the particular monies involved in structuring, so long

as the forfeiture sought is for funds on deposit in that same account.  However, to

benefit from the fungibility rule of Section 984, the United States must commence

the "action" to forfeit the property within one year from the date of the offense.

Here, as described above, the currency deposits giving rise to the forfeiture action

began on or about June 15, 2009.  Therefore, Section 984 makes the funds seized

from Farmers National Bank account ending in ***8437 and South Central Bank of

Monroe County account ending in ***7201 subject to seizure and forfeiture to the

extent that monies involved in structuring were located in the account in the year

preceding the seizure.

74)  As described previously, the bank records show that these deposits were made on

the same day, consecutive days, or within a few days in amounts below the CTR

reporting requirement.

## Conclusion

The amount and pattern of the aforementioned currency deposits, as well as the other

evidence contained in this affidavit, establishes probable cause that these deposits

were structured to evade the filing of a CTR.  This affidavit establishes probable cause

that the currency deposits into Farmers National Bank account ending in ***8437,

Farmers National Bank account ending in ***1011 and South Central Bank of Monroe

County account ending in ***7201, held in the name Cole Distributing, Inc., and Gary

Cole, DBA Cole Distributing, have been structured to evade currency reporting

requirements in violation of 31 U.S.C. § 5324, and that there is also probable cause to

believe that $12,895.74 seized from Farmers Bank account ending in ***8437 and

Affidavit of Brandon Welch                    27

$27,710.63 seized from South Central Bank of Monroe County account ending in ***7201, constitute property involved in violations of 31 U.S.C. § 5324, and, as such, are subject to seizure and forfeiture under 31 U.S.C. § 5317 and 18 U.S.C. § 981. Moreover, there is also probable cause to believe that real properties previously designated as Map 45-1 Tract, A. R. Oliver Road Tract 1, and A. R. Oliver Road Tract 5 constitute property involved in or traceable (directly or indirectly) to violations of 31 U.S.C. § 5324, and, as such, are subject to seizure and forfeiture under 31 U.S.C. § 5317 and 18 U.S.C. § 981.

Brandon Welch, Special Agent
IRS-Criminal Investigation